### ISAAC PATTERSON, ET AL., *v.* DAVID C. SNYDER.

**Mental Capacity—Character of Witness to Will.**
In an attack upon the mental capacity of a testatrix it is not sufficient to show merely that she was a person of naturally low order of intellect.

**Moral Character of Witness.**
The moral character of a witness to a will is not in issue when the witness is not called in a trial to contest the will.

APPEAL FROM HANCOCK CIRCUIT COURT.

September 12, 1874.

OPINION BY JUDGE LINDSAY:

The refusal of the court to allow the witness, Stone, to answer the question relative to the moral character of Miller, one of the subscribing witnesses to the will, is not a ground for reversal. Miller had not then been called as a witness; and at the time the question was asked, there was certainly nothing in the case involving Miller's moral character.

The proof does not, in our opinion, show that the testatrix was incapable of disposing of her property by last will, at the time the paper in contest was executed. Almost every witness called testifies to facts tending to rebut any such assumption. Stone, who was certainly disinterested, entertained no doubt as to her capacity; and the other persons who were present at the time of the execution of the paper concur with him in every material statement.

Her capacity cannot be questioned on account of her naturally low order of intellect. She had always managed her own affairs, and had transacted business with nearly, if not quite, all of those who speak on this subject; and yet the testimony as to this point constitutes nearly the whole ground upon which appellants seek to show want of testamentary capacity.

There is little or no proof as to undue influence. We cannot surmise that the will was the result of a combination between Mrs. Snyder, Mrs. Miller and John E. Miller. Except the fact that the two Millers were present, and that John E. had sent for Stone to write the will, there is absolutely nothing in the record upon which to base even a suspicion of any such combination.

The disposition of the estate devised was neither unnatural nor unreasonable. The testimony tends to show that those closely related to the testatrix had no special claims upon her, and that during the ten years preceding her death she had lived with strangers, and distant relatives. The party to whom she devised her estate, was one of those with whom she occasionally resided, and whose family nursed and cared for her in her last illness.

We do not deem it necessary to inquire into the propriety of the action of the court in giving instructions. The verdict of the jury accords with the decided preponderance of the testimony, and the

judgment must therefore be *affirmed.* Judge Cofer did not sit in this case.

*Williams & Baker, for appellants.*
*R. Y. Bush, Eli H. Brown, for appellee.*